## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TROY ALLEN BENNETT**                                            **CIVIL ACTION**

**VERSUS**                                                        **NO. 10-3295**

**RAYBURN CORRECTION CENTER**                                     **SECTION "S"(1)**
**WARDEN ROBERT TANNER, ET AL.**

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Troy Allen Bennett, filed this civil action against Robert Tanner, the warden of the

B.B. "Sixty" Rayburn Correctional Center, and Gene Crosby, the warden of the Bogalusa City Jail.

Plaintiff filed his complaint on a form to be used by prisoners seeking relief pursuant to 42 U.S.C.

§ 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress ....

In the complaint, plaintiff states his claim against the defendants as follows:

> On 8-4-2010 Rayburn Correctional Center and the Bogalusa Jail had a shake down
> in which we inmates where told to not touch anything get up out of your beds walk
> to the door then put outside the room behind a wall and one officer steped on my bed
> taken some bricks out of the wall and stepped on my parcel plate that was at the head
> of my bed breaking my plate.[1]

For the following reasons, the undersigned recommends that plaintiff's complaint be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) or, alternatively, pursuant to

Fed.R.Civ.P. 41(b).

---

[1]    Rec. Doc. 1, p. 5.

I.  Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court notes that plaintiff was incarcerated at the Bogalusa City Jail when he filed this lawsuit against these government officers.[2]  Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).[3]  Regarding such lawsuits, federal law likewise requires:

---

[2]  Rec. Doc. 1, p. 3; Rec. Doc. 2, p. 1.

[3]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).
The Court notes that plaintiff was released from the Bogalusa City Jail after filing this lawsuit.  Rec. Doc. 4.  However, because he was incarcerated when the action was filed, he remains subject to § 1915A despite his subsequent release. Jackson v. City of New Orleans, Civ. Action No. 09-5836, 2009 WL 4110371, at *1 n.1 (E.D. La. Nov. 24, 2009); Rackley v. Gusman, Civ. Action No. 08-825, 2009 WL 159170, at *1 n.1 (E.D. La. Jan. 16, 2009); Brown v. Jacobson, 98-CIV-0565-LBS, 1999 WL 1125122, at *5 (S.D.N.Y. Dec. 8, 1999); Johnson v. Hill, 965 F.Supp. 1487, 1488 n.2 (E.D. Va.1997).

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

3

Although broadly construing plaintiff's complaint,[4] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant immune from such relief.

### A.  Improper Defendants

As an initial matter, the Court notes that plaintiff has not named an appropriate defendant. Plaintiff did not sue the officer who broke the partial plate; rather, he sued only Wardens Tanner and Crosby.  However, plaintiff has not stated proper claims against the wardens in either their official or individual capacities.

### 1.  Official-Capacity Claim Against Warden Tanner

Tanner is the warden of the B.B. "Sixty" Rayburn Correctional Center, a state prison operated by the Louisiana Department of Public Safety and Corrections.  See, e.g., Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008).  A suit against such a state official or employee in his official capacity is actually a suit against the state itself.  Hafer v. Melo, 502 U.S. 21, 25 (1991).  However, the Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity.  Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002).  The United States Fifth Circuit Court of Appeals has noted:

---

[4]     The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted).  Accordingly, Tanner is immune from any claim against him in his official capacity for monetary damages.  Demouchet, 2008 WL 2018294, at *3.

Moreover, even aside from Eleventh Amendment concerns, any such claim also fails because a state official sued in his official capacity for monetary damages is not a "person" subject to suit under 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F.Supp.2d 476, 479 (E.D. La. 2007); Demouchet, 2008 WL 2018294, at *3.

### 2.  Official-Capacity Claim Against Warden Crosby

Any official-capacity claim against Warden Crosby likewise fails.  "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, an official-capacity claim against Warden Crosby would in reality be a claim against the local governmental entity he serves.  The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The

description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom, and, therefore, no official-capacity claim has been properly stated as to Warden Crosby.

### 3.  Individual-Capacity Claims Against Wardens Tanner and Crosby

Plaintiff also has not properly stated individual-capacity claims against Wardens Tanner and Crosby.  "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Here, plaintiff makes no allegations whatsoever against Wardens Tanner and Crosby.  Moreover, the defendants cannot be held vicariously liable for the actions of their subordinates pursuant to 42 U.S.C. § 1983.  Thompkins v. Belt, 828 F.2d 298, 303

6

(5th Cir. 1987); <u>see also</u> <u>Oliver</u>, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

B.  Lack of a Cognizable § 1983 Claim

In any event, even if plaintiff had named a proper defendant, which he has not, his complaint would still be subject to dismissal because his underlying claim simply is not actionable under 42 U.S.C. § 1983.  As noted, § 1983 affords a remedy only for violations of "rights, privileges, or immunities" secured by the Constitution and laws of the United States.  In this action, however, plaintiff is complaining about accidental damage to his partial plate.  At best, plaintiff's claim is a state tort claim based in negligence.  Negligence claims are not actionable under § 1983.  <u>See, e.g.</u>, <u>Baker v. McCollan</u>, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.").

Out of an abundance of caution, the Court further notes that even if plaintiff's complaint is construed as including a state law claim, it should still be dismissed.  When a plaintiff's federal claims are dismissed, it is appropriate for the federal court to decline to exercise supplemental jurisdiction over his state law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); <u>see also</u> <u>Bass v. Parkwood Hospital</u>, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

7

<u>II.  Dismissal Pursuant to Fed.R.Civ.P. 41(b)</u>

In the event the United States District Judge finds that it is not appropriate to dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the undersigned alternatively recommends that the complaint be dismissed for failure to prosecute.

This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  Local Rule 11.1E.  The Local Rules further provide:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Local Rule 41.3.1E.

More than thirty days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable.[5]  Additionally, plaintiff has not notified this Court of his current address, despite declaring in his complaint:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

In light of the foregoing, plaintiff's complaint is clearly subject to dismissal for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure

---

[5]   Rec. Doc. 5.

[6]   Rec. Doc. 1, p. 6.

to prosecute is clear.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed.R.Civ.P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  <u>Ramsay v. Bailey</u>, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, mail sent to plaintiff has been returned as undeliverable, and he has failed to provide the Court with his current address despite being aware of his obligation to do so.  Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to hold a conference in this matter or to otherwise advance his case on the docket.  Therefore, the complaint is subject to dismissal for failure to prosecute.

## **<u>RECOMMENDATION</u>**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

9

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this eighteenth day of November, 2010.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]    Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.